UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAUGHN COLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>MONMOUTH COUNTY<br>CORRECTIONAL INSTITUTE, et al.,<br><br>    Defendants. | Civil Action Nos. 21-2034 (FLW); 21-3323 (FLW); 21-10176 (FLW); 21-10177 (FLW); 21-10179 (FLW)<br><br>MEMORANDUM & ORDER |

    Plaintiff Vaughn Collins, currently confined Monmouth County Correctional Institute ("MCCI"), seeks to multiple bring civil actions *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983, against various Defendants, arising from the alleged use of excessive force, which occurred on or about October 29, 2020, at Monmouth County Correctional Institute, and the subsequent investigation.

    On April 21, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis* in Civil Action No. 21-2034, captioned *Collins v. Monmouth County Correctional Institute, et al*. Plaintiff's Complaint in Civ. Act. No. 21-2034 asserts claims of excessive force related to an alleged assault by Defendant Officer B. Jacobs that occurred at MCCI or about October 29, 2020. *See* Civil Act. No. 21-2034, ECF No. 1. Plaintiff also alleges that Defendant Jacobs called for additional corrections officers, and these corrections officers also assaulted Plaintiff, but the individual corrections officers are not identified in any way. *See id.* Plaintiff further alleges that he was handcuffed too tightly and has scars, but he does not identify the individual who handcuffed him. Plaintiff also appears to allege that he was denied medical care after the

assault, but he does not identify the individual(s) who denied him medical care. *See id.* Plaintiff also alleges that on October 30, 2020, Officer Holler "threatened" to give Plaintiff a special food tray, and Plaintiff began to flood his cell. *Id.* In response, Plaintiff was pepper sprayed by a corrections officer who is not identified, and Plaintiff was allegedly left in his cell for two hours before he received medical care. *See id.*

Plaintiff subsequently submitted Civil Action No. 21-3323, captioned *Collins v. Ruchalski*, in which he alleges that Defendant Officer Ruchalski failed to intervene in the assault on Plaintiff by Officer B. Jacobs on October 29, 2020.

Because Civil Action No. 21-2034 and Civil Action No. 21-3323 appeared to arise from the same incident (or incidents), the Court provided Plaintiff with an opportunity to submit an Amended Complaint in Civil Action No. 21-2034, the first-filed action, as well as address deficiencies in the original Complaint. The Court also instructed Plaintiff to inform the Court as to whether he consented to the dismissal of Civ. Act. No. 21-3323, the later-filed action.

Since the filing of Civil Action Nos. 21-2034 and 21-3323, Plaintiff has filed several additional Complaints that also arise from alleged use of excessive force against him on October 29, 2020. In Civil Action No. 21-10176, which is captioned *Collins v. Giammarino*, Plaintiff alleges that Defendant Giammarino, a Supervisory Corrections Officer, filed a false report after the alleged assault on October 29, 2020. In Civil Action No. 21-10177, captioned *Collins v. Giglio*, Plaintiff asserts that Defendant Giglio, a Corrections Officer, participated in the assault on October 29, 2020. In Civil Action No. 21-10179, captioned *Collins v. Robetson*, Plaintiff alleges that Defendant Robetson, an Investigator, failed to investigate the assault.[1]

---

[1] Plaintiff references an assault on October 14, 2020, in this Complaint. It is not clear if this date is an error or if there were two different assaults.

On April 27, 2021, Plaintiff responded to the Court's Order and submitted a motion to amend, which was docketed on May 3, 2021, in Civil Action No. 21-3323. The motion to amend requests to consolidate Civil Actions Nos. 21-2034 and 21-3323. Plaintiff also requests to amend Civil Action No. 21-2034 to include claims against Officer S. Giglio, Supervisor F. Giammarino, and Investigator Officer James Robetson.[2] *See* Civ. Act. No. 21-3323, ECF No. 11.

The Court will direct the Clerk of the Court to terminate the motion to amend in Civil Action No. 21-3323, ECF No, 11, and re-docket the motion to amend in Civil Action 21-2034, which is the first-filed case. The Court will also direct the Clerk of the Court to terminate the request for pro bono counsel in Civil Action No. 21-3323, ECF No. 12, and re-docket Plaintiff's letter request for pro bono counsel, in Civil Act. No. 21-2034, the first-filed case.[3]

At this time, the Court will also grant the motion to amend in Civil Action No. 21-2034. Because Plaintiff is unable to amend his Complaint in Civil Action No. 21-2034 by filing multiple individual complaints, the Court will provide him with 45 days to submit <u>an all-inclusive amended complaint in Civil Action No. 21-2034</u>. In this single unified Amended Complaint, Plaintiff may name as Defendants all prison officials who were personally involved

---

[2] On May 19, 2020, Civil Action No. 21-11490, captioned *Collins v. Monmouth County Correctional Institute, et al.*, was docketed. In this Complaint, Plaintiff alleges that Defendants Holler and Difrega, who are corrections officers, denied Plaintiff water for three days after he flooded his cell. Defendant Holler is also named in Civil Action No. 21-2034, in connection with an incident involving the flooding of Plaintiff's cell, but it is not clear that the incident described in Civ. Act. No. 21-11490 arises from the same transaction or occurrence as the events described in Civil Action No. 21-2034. As such, the Court does not consider the Complaint in Civil Action No. 21-11490 to be related to Civil Action No. 21-2034 or the other cases described in this Memorandum and Order.

[3] The Court will address the letter request for pro bono counsel when Plaintiff submits his Amended Complaint, and the Court screens the Amended Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

in the assault on Plaintiff on October 29, 2020 (and the subsequent investigation), and describe the misconduct committed by each Defendant.

At this time, the Court will also dismiss <u>without prejudice</u> Civil Action Nos. 21-3323 (FLW); 21-10176 (FLW), 21-10177 (FLW), 21-10179 (FLW) as duplicative of Civil Action No. 21-2034, without granting Plaintiff's IFP applications or assessing any additional filing fees.

Finally, the Court notes that Plaintiff wrote to Magistrate Judge Arpert on May 20, 2021. *See* Civil Act. No. 21-2034, ECF No. 11. Plaintiff complains of inadequate law library access and unspecified acts of interference with his mail. It appears, however, that Plaintiff's mail has been received by the Court, and it is not clear why Plaintiff's filing of a single unified Amended Complaint requires access to the law library, as the facts supporting Plaintiff's civil rights claims appear to be within his own knowledge. Plaintiff simply needs to put these facts in a single unified Amended Complaint. If Plaintiff needs more time to submit his Amended Complaint, he may request an extension of time in writing, and the Court may provide him with an extension in light of his circumstances.

**THEREFORE**, it is on this 22nd day of June 2021;

**ORDERED** that Civ. Act. Nos. 21-2034 and 21-3323 shall be marked as OPEN; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion to amend and request for pro bono counsel, currently pending in Civil Action No. 21-3323 at ECF Nos. 11 & 12, and re-docket Plaintiff's motion to amend and request for pro bono counsel in Civil Action No. 21-2034; and it is further

**ORDERED** that Plaintiff's Motion to Amend is **GRANTED** in Civil Action No. 21-2034; and it is further

4

**ORDERED** that within 45 days of the date of this Order, Plaintiff shall submit a single unified Amended Complaint in Civil Action No. 21-2034, the first-filed action; in this single unified Amended Complaint, Plaintiff may name as Defendants all prison officials who were personally involved in the assault on Plaintiff on October 29, 2020 (and the subsequent investigation), and describe the misconduct committed by each Defendant; and it is further

**ORDERED** that the Amended Complaint will supersede the original complaint in Civ. Act. No. 21-2034; and it is further

**ORDERED** that the Clerk of the Court shall **DISMISS WITHOUT PREJUDICE Civ. Act. No. 21-3323, Civ. Act. No. 21-10176, Civ. Act. No. 21-10177, Civ. Act. No. 21-10179** as duplicative of Civil Act. No. 21-2034; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Civ. Act. No. 21-2034 until such time that Plaintiff submits his Amended Complaint; at that time, the Court will reopen the matter and screen the Amended Complaint for dismissal pursuant to 18 U.S.C. § 1915(e)(2)(B) and address Plaintiff's motion request for counsel; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Memorandum and Order in Civ. Act. No. 21-2034, Civ. Act. No. 21-3323, Civ. Act. No. 21-10176, Civ. Act. No. 21-10177, Civ. Act. No. 21-10179; it is further

**ORDERED** that the Clerk of the Court shall also send a copy of this Order to Plaintiff by regular U.S.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge