Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Vaughn Collins

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAUGHN COLLINS, | |
| Plaintiff | Civil Action No. 3:21-cv-02034-FLW-DEA |
| vs. | |
| MONMOUTH COUNTY CORRECTIONAL INSTITUTION, MONMOUTH COUNTY, OFFICER BOBBY JACOBS, OFFICER B. RUCHALSKI, OFFICER STEPHEN GIGLIO, SUPERVISOR F. GIAMMARINO, and INVESTIGATOR JAMES ROBERTSON, | **SECOND AMENDED COMPLAINT** |
| | **JURY TRIAL [ x ] Yes   [ ] No** |
| Defendants | |

## PARTIES

1. Plaintiff, VAUGHN COLLINS, is an adult individual, who resides at 1750 River Road, in the Township of Hopewell, County of Mercer, and State of New Jersey.

2. Defendant, MONMOUTH COUNTY CORRECTIONAL INSTITUTION/MONMOUTH COUNTY, is a governmental entity, which is located at 1 Water Works Road, in the Borough of Freehold, County of Monmouth, and State of New Jersey.

3. Defendant, OFFICER BOBBY JACOBS, is an adult individual, whose place of employment is MONMOUTH COUNTY CORRECTIONAL INSTITUTION, which is located at 1 Water Works Road, in the Borough of Freehold, Cty. of Monmouth, and State of New Jersey.

4. Defendant, OFFICER B. RUCHALSKI, is an adult individual, whose place of employment is MONMOUTH COUNTY CORRECTIONAL INSTITUTION, which is located at 1 Water Works Road, in the Borough of Freehold, Cty of Monmouth, and State of New Jersey.

5. Defendant, OFFICER STEPHEN GIGLIO, is an adult individual, whose place of employment is MONMOUTH COUNTY CORRECTIONAL INSTITUTION, which is located at 1 Water Works Road, in the Borough of Freehold, Cty. of Monmouth, and State of New Jersey.

6. Defendant, SUPERVISOR F. GIAMMARINO, is an adult individual, whose place of employment is MONMOUTH COUNTY CORRECTIONAL INSTITUTION, which is located at 1 Water Works Rd, Borough of Freehold, Cty of Monmouth, and State of New Jersey.

7. Defendant, INVESTIGATOR JAMES ROBERTSON, is an adult individual, whose place of employment is MONMOUTH COUNTY CORRECTIONAL INSTITUTION, which is located at 1 Water Works Rd, Borough of Freehold, Cty. of Monmouth, and State of New Jersey.

## JURISDICTION

8. The basis for jurisdiction is federal question, under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343.

## STATEMENT OF THE CASE

9. Defendant, OFFICER BOBBY JACOBS, sued in his individual capacity, acted under color of state law.

10. Def., OFF. B. RUCHALSKI, sued in his individual capacity, acted under color of state law.

11. Def., OFFICER STEPHEN GIGLIO, sued in his individual capacity, acted under color of state law.

12. Defendant, SUPERVISOR F. GIAMMARINO, was a supervisor of Defendants, OFFICER BOBBY JACOBS, OFFICER B. RUCHALSKI, and OFFICER STEPHEN GIGLIO.

13. Defendant, SUPERVISOR F. GIAMMARINO, sued in his individual capacity, acted under color of state law.

14. Defendant, INVESTIGATOR JAMES ROBERTSON, was responsible for the investigation of the event which forms the subject matter of this case.

15. Defendant, INVESTIGATOR JAMES ROBERTSON, sued in his individual capacity, acted under color of state law.

16. On October 29, 2020, Plaintiff, VAUGHN COLLINS, was a pretrial detainee at the MONMOUTH COUNTY CORRECTIONAL INSTITUTION.

17. On 10/29/2020, Plaintiff, VAUGHN COLLINS, was an occupant of cell 105 in Unit A-2.

18. On October 29, 2020 and prior, MONMOUTH COUNTY CORRECTIONAL INSTITUTION regulations required that cells be locked (except for one-half hour each day) due to Covid-19 restrictions.

19. On October 29, 2020 prior to 9:25 A.M. and prior, Plaintiff, VAUGHN COLLINS's cell was kept locked (except for one-half hour each day) pursuant to MONMOUTH COUNTY CORRECTIONAL INSTITUTION regulations which required that cells be locked (except for one-half hour each day) due to Covid-19 restrictions.

20. On October 29, 2020 and prior, for Plaintiff, VAUGHN COLLINS's cell to be unlocked, a corrections officer would have to press a button to do so electronically.

21. On October 29, 2020, at approximately 9:25 A.M., Plaintiff, VAUGHN COLLINS, was in his locked cell.

22. Plaintiff, VAUGHN COLLINS, was approached by the law librarian.

23. The law librarian delivered some legal materials to Plaintiff.

24. Further, the law librarian told Plaintiff that he, Plaintiff, could use the law computer on the wing.

25. Plaintiff, VAUGHN COLLINS, took possession of the legal materials delivered by the law librarian and was holding the legal materials up.

26. At the same time he held the legal materials up, Plaintiff, VAUGHN COLLINS, asked the law librarian when he, VAUGHN COLLINS, could use the law computer on the wing.

27. The conversation between Plaintiff and the law librarian was loud enough so that it could be heard by nearby inmates in their cells.

28. Plaintiff and the law librarian were merely talking to each other in a normal tone.

29. Plaintiff and the law librarian were not talking to each other in a raised voice, nor were they shouting.

30. On October 29, 2020, at approximately 9:25 A.M., Defendant, OFFICER BOBBY JACOBS, was present in the immediate vicinity of Plaintiff, VAUGHN COLLINS's cell.

31. Defendant, OFFICER BOBBY JACOBS, heard the conversation between Plaintiff and the law librarian.

32. Defendant, OFFICER BOBBY JACOBS, took offense to (1) the content of the conversation between Plaintiff and the law librarian; and (2) the loudness of the conversation between Plaintiff and the law librarian.

33. Plaintiff's cell was caused to be unlocked by Defendant, OFFICER B. RUCHALSKI.

34. Defendant, OFFICER BOBBY JACOBS, entered Plaintiff, VAUGHN COLLINS's cell.

35. Defendant, OFFICER BOBBY JACOBS, exited Plaintiff, VAUGHN COLLLINS's cell.

36. Defendant, OFFICER B. JACOBS, entered Plaintiff, VAUGHN COLLINS's cell a second time.

37. Defendant, OFFICER B. JACOBS, exited Plaintiff, VAUGHN COLLINS's cell a second time.

38. Defendant, OFFICER B. JACOBS, entered Plaintiff, VAUGHN COLLINS's cell a third time.

39. Defendant, OFFICER B. RUCHALSKI, was also present outside cell 105 as Defendant, OFFICER BOBBY JACOBS, entered Plaintiff's cell three times.

40. While Defendant, OFFICER BOBBY JACOBS, was in Plaintiff's cell, Defendant, OFFICER BOBBY JACOBS, punched Plaintiff forcefully multiple times about the face and head.

41. Plaintiff, VAUGHN COLLINS, did not provoke Defendant, OFFICER BOBBY JACOBS, to punch him forcefully multiple times about the face and head.

42. Plaintiff, VAUGHN COLLINS, did not resist the forceful punching while it occurred.

43. Defendant, OFFICER BOBBY JACOBS, forcefully took Plaintiff to the ground in cell 105.

44. After forcefully taking Plaintiff to the ground, Defendant, OFFICER BOBBY JACOBS, forcefully dragged Plaintiff out of cell 105.

45. When Defendant, OFFICER B. JACOBS, dragged Plaintiff out of cell 105 after being in Plaintiff's cell the third time, Defendant, OFFICER S. GIGLIO, was outside Plaintiff's cell.

46. While Defendant, OFFICER STEPHEN GIGLIO, was outside Plaintiff's cell, Defendant, OFFICER STEPHEN GIGLIO, joined in the punching of Plaintiff forcefully multiple times about the face and head.

47. While punching Plaintiff, Defendant, OFFICER STEPHEN GIGLIO, wore gloves which were reinforced with steel on the insides.

48. While Defendant, OFFICER STEPHEN GIGLIO, was outside Plaintiff's cell, Defendant, OFFICER STEPHEN GIGLIO, also kicked Plaintiff.

49. Plaintiff, VAUGHN COLLINS, did not provoke Defendant, OFFICER STEPHEN GIGLIO, to punch him forcefully multiple times about the face and head, nor to kick him.

50. Plaintiff did not resist the forceful punching and kicking while it occurred.

51. After Plaintiff was on the ground, and not resisting, Defendants, OFFICER BOBBY JACOBS and OFFICER S. GIGLIO, continued to punch him forcefully and kick him forcefully.

52. Defendant, OFFICER B. RUCHALSKI, was present while Defendants, OFFICER BOBBY JACOBS and OFFICER S. GIGLIO, forcefully punched and kicked Plaintiff multiple times.

53. Defendant, OFFICER B. RUCHALSKI, did not intervene to stop the forceful punching and kicking of Plaintiff by Defendants, OFFICER BOBBY JACOBS and OFFICER STEPHEN GIGLIO, which occurred in and out of Plaintiff's cell.

54. As Defendant, OFFICER BOBBY JACOBS, exited Defendant, VAUGHN COLLINS's cell the last time, Defendant, OFFICER B. JACOBS, was shaking his hand, which he had fractured.

55. At the same time Defendant, OFFICER BOBBY JACOBS, was shaking his hand, which he had fractured, Defendant, OFFICER BOBBY JACOBS, was laughing.

56. At the same time Defendant, OFFICER BOBBY JACOBS, was laughing, Defendant, OFFICER B. RUCHALSKI, was laughing.

57. During the course of the occurrence, Plaintiff, VAUGHN COLLINS, was handcuffed.

58. When the punching subsided, and after handcuffing, Plaintiff, VAUGHN COLLINS, was carried by unknown other officers away from cell 105.

59. Unknown officers carried Plaintiff to the medical station inside MCCI.

60. At the medical station, photos were taken of Plaintiff's appearance by Defendant, SUPERVISOR F. GIAMMARINO.

61. After photos were taken of his appearance at the medical station, Plaintiff was immediately taken by unknown officers to a cell, cell 201 on Unit J-1.

62. Up to the point where Plaintiff was put in cell 201 by unknown officers, Plaintiff's injuries sustained on 10/29/20 went untreated by a medical professional.

63. Plaintiff, VAUGHN COLLINS, told Defendant, SUPERVISOR F. GIAMMARINO, that he, VAUGHN COLLINS, had been forcefully punched and kicked in his cell by Defs., OFFICER B. JACOBS and OFFICER S. GIGLIO, while Defendant, OFF. B. RUCHALSKI, was present.

64. Defendant, SUPERVISOR F. GIAMMARINO, viewed the surveillance camera footage of Plaintiff's cell, for the date and time when Plaintiff informed him the forceful punching and kicking of him by Defendants, OFFICER B. JACOBS and OFFICER S. GIGLIO occurred.

65. Defendant, SUPERVISOR F. GIAMMARINO, declined to require an incident report from Defendants, OFF. STEPHEN GIGLIO and OFF. B. RUCHALSKI, for the subject occurrence.

66. No incident report by Defendants, OFF. S. GIGLIO and OFF. B. RUCHALSKI, was

submitted to prison officials in reference to the subject occurrence.

67. Defendant, SUPERVISOR F. GIAMMARINO, knew that the incident report submitted by Defendant, OFFICER BOBBY JACOBS, contained inconsistencies.

68. Defendant, SUPERVISOR F. GIAMMARINO, did not require Defendant, OFFICER BOBBY JACOBS, to explain the inconsistencies in his, OFFICER BOBBY JACOBS' report.

69. Defendant, SUPERVISOR F. GIAMMARINO, knew that the incident report submitted by Defendant, OFFICER BOBBY JACOBS, was false.

70. Def., SUPERVISOR F. GIAMMARINO, submitted a false supervisor's incident report.

71. Defendant, SUPERVISOR F. GIAMMARINO, declined to subject Defendants, OFFICER BOBBY JACOBS, OFFICER B. RUCHALSKI and OFFICER STEPHEN GIGLIO, to an internal investigation in reference to the subject incident.

72. Defendant, SUPERVISOR F. GIAMMARINO, knew that the facts and conclusions on the supervisor's incident report he submitted were false.

73. Defendant, SUPERVISOR F. GIAMMARINO, submitted a false supervisor's report for the purpose of concealing wrongdoing by officers under his supervision.

74. On November 3, 2020, Defendant, INVESTIGATOR JAMES ROBERTSON, submitted a false investigator's report.

75. Defendant, INVESTIGATOR JAMES ROBERTSON, knew that the facts and conclusions on the investigator's report he submitted were false.

76. Defendant, INVESTIGATOR JAMES ROBERTSON, submitted a false investigator's report for the purpose of concealing wrongdoing.

INJURIES

77. As a direct and proximate result of the acts of the Defendants, as aforesaid, Plaintiff, VAUGHN COLLINS, suffered physical injuries, some of which are permanent, including but not limited to tooth loss and hearing loss, required medical and dental treatment and will require future medical and dental treatment, incurred medical and dental expense or will incur future medical and dental expense, requires an assistive device or will require a future assistive device, incurred attendant expense for an assistive device or will incur attendant expense for an assistive device, and suffered emotional distress.

COUNT I

42 U.S.C. SECTION 1983 CLAIM FOR VIOLATION OF A FOURTEENTH AMENDMENT RIGHT TO BE FREE OF THE USE OF EXCESSIVE FORCE BY CORRECTIONS OFFICERS AGAINST INDIVIDUAL DEFENDANTS, OFFICER BOBBY JACOBS AND OFFICER STEPHEN GIGLIO, ACTING IN THEIER INDIVIDUAL CAPACITIES

78. The Fourteenth Amendment to the Constitution of the United States requires (for pretrial detainees) and the Eighth Amendment to the Constitution of the United States requires (for convicted and sentenced prisoners) that for officer-on-inmate force to not violate a right, the force used may not be for the wanton and unnecessary infliction of pain.

79. The law further recognizes that the Eighth Amendment weighing test applies in both instances (involving either pretrial detainees or convicted and sentenced prisoners).

80. Under the Eighth Amendment weighing test for an excessive officer-on-inmate force claim, the totality of the circumstances to be considered are the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the extent of the threat to prison staff and inmates – as reasonably perceived by prison officials on the facts known to them, and any efforts made to temper the severity of a forceful response, in weighing whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

81. By punching Plaintiff forcefully about the head multiple times, Defendant, OFFICER BOBBY JACOBS, acting in his individual capacity, applied force maliciously and sadistically to cause harm or for the unnecessary and wanton infliction of pain.

82. By punching Plaintiff forcefully about the head multiple times, and by kicking Plaintiff forcefully multiple times, Defendant, OFFICER STEPHEN GIGLIO, acting in his individual capacity, applied force maliciously and sadistically to cause harm or for the unnecessary and wanton infliction of pain.

83. The malicious and sadistic application of force to cause harm, or the unnecessary and wanton application of force for the infliction of pain by Defendant, OFFICER BOBBY JACOBS, violated Plaintiff's Fourteenth Amendment (for a pretrial detainee) right to be free of unlawful officer-on-inmate force.

84. The malicious and sadistic application of force to cause harm, or the unnecessary and wanton application of force for the infliction of pain by Defendant, OFFICER STEPHEN GIGLIO, violate Plaintiff's Fourteenth Amendment (for a pretrial detainee) right to be free of unlawful officer-on-inmate force.

## COUNT II

### 42 U.S.C. SECTION 1983 CLAIM FOR VIOLATION OF A FOURTEENTH AMENDMENT RIGHT TO BE PROTECTED FROM BYSTANDER NON-INTERVENTION UPON THE USE OF EXCESSIVE FORCE BY CO-EMPLOYEES IN HIS PRESENCE AGAINST INDIVIDUAL DEFENDANT, OFFICER B. RUCHALSKI, ACTING IN HIS INDIVIDUAL CAPACITY

85. The law recognizes that pretrial detainees have a right to be protected by co-employees of an offending state actor when an unprovoked beating takes place in the co-employee's presence if there is a realistic and reasonable opportunity to intervene, but the co-employee fails to do so, under the Fourteenth Amendment to the Constitution of the United States.

86. The failure to intervene by Defendant, OFFICER B. RUCHALSKI, although an unprovoked beating was taking place in his presence and the opportunity to intervene was realistic and reasonable, violated Plaintiff's Fourteenth Amendment (for a pretrial detainee) right to be protected by an officer who was present when an unprovoked beating occurred administered by co-employee officers.

## COUNT III

### 42 U.S.C. SECTION 1983 CLAIM FOR VIOLATION OF A FOURTEENTH AMENDMENT RIGHT TO BE PROTECTED FROM SUPERVISOR ACQUIESCENCE UPON THE USE OF EXCESSIVE FORCE BY THOSE UNDER HIS SUPERVISION AGAINST INDIVIDUAL DEFENDANT, SUPERVISOR F. GIAMMARINO, ACTING IN HIS INDIVIDUAL CAPACITY

87. The law recognizes that pretrial detainees have a right to be protected from supervisor acquiescence in subordinates' constitutional violations when, as the person in charge, a supervisor has knowledge of and acquiesces in those violations, under the Fourteenth Amendment to the Constitution of the United States.

88. The acquiescence of Defendant, SUPERVISOR F. GIAMMARINO, notwithstanding knowledge acquired of an unprovoked beating administered by officers under his supervision, violated Plaintiff's Fourteenth Amendment (for a pretrial detainee) right to be protected from supervisor acquiescence upon acquiring knowledge of a constitutional violation by officers under his supervision.

COUNT IV

42 U.S.C. SECTION 1983 *MONELL* CLAIM FOR CUSTOM OF INDIFFERENCE TO OFFICER-ON-INMATE USE OF EXCESSIVE FORCE, CO-EMPLOYEE BYSTANDER INDIFFERENCE TO OFFICER-ON-INMATE USE OF EXCESSIVE FORCE, AND SUPERVISOR ACQUIESCENCE TO OFFICER-ON-INMATE EXCESSIVE FORCE BY THOSE UNDER HIS SUPERVISION, AGAINST GOVERNMENTAL ENTITY DEFENDANT

89. The law recognizes that a custom of indifference on the part of the governmental entity can be established if the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

90. Defendant, MONMOUTH COUNTY CORRECTIONAL INSTITUTION/MONMOUTH COUNTY, had a custom of indifference, by failing to act affirmatively at all, though the need to take some action to control its agents was so obvious in the following respects (1) knowledge of pre-October 29, 2020 officer-on-inmate excessive force; (2) knowledge of pre-October 29, 2020 co-employee bystander indifference to officer-on-inmate use of excessive force; and (3) knowledge of pre-October 29, 2020 supervisor acquiescence to officer-on-inmate excessive force, making the inadequacy of existing practice so likely to result in the violation of constitutional rights.

91. By so failing to act affirmatively at all, Defendant, MONMOUTH COUNTY CORRECTIONAL INSTITUTION/MONMOUTH COUNTY, violated Plaintiff's Fourteenth Amendment (for a pretrial detainee) right to be protected from a custom of governmental entity indifference to the governmental entity's inadequacy of existing practice, likely to result in a violation of his constitutional rights.

## COUNT V

**NJCRA CLAIM FOR VIOLATION OF NJ CONST. ART. I PAR. I RIGHT TO BE FREE OF THE USE OF EXCESSIVE FORCE BY CORRECTIONS OFFICERS AGAINST INDIVIDUAL DEFENDANTS, OFFICER BOBBY JACOBS AND OFFICER STEPHEN GIGLIO, ACTING IN THEIR INDIVIDUAL CAPACITIES**

92. The N.J. Const. Article I Paragraph I requires (for pretrial detainees) and the N.J. Const. Article I Paragraph 12 requires (for convicted and sentenced prisoners) that for officer-on-inmate force to not violate a right, the force used may not be for the wanton and unnecessary infliction of pain.

93. The malicious and sadistic application of force to cause harm, or the unnecessary and wanton application of force for the infliction of pain, by Defendant, OFFICER BOBBY JACOBS, violated Plaintiff's N.J. Const. Article I Paragraph I right (for pretrial detainees) to be free of unlawful officer-on-inmate force.

94. The malicious and sadistic application of force to cause harm, or the unnecessary and wanton application of force for the infliction of pain, by Defendant, OFFICER STEPHEN GIGLIO, violated Plaintiff's N.J. Const. Article I Paragraph I right (for pretrial detainees) to be free of unlawful officer-on-inmate force.

COUNT VI

NJCRA CLAIM FOR VIOLATION OF NJ CONST. ART. I PAR. I RIGHT TO BE PROTECTED FROM BYSTANDER NON-INTERVENTION UPON THE USE OF EXCESSIVE FORCE BY CO-EMPLOYEES IN HIS PRESENCE AGAINST INDIVIDUAL DEFENDANT, OFFICER B. RUCHALSKI, ACTING IN HIS INDIVIDUAL CAPACITY

95. The failure to intervene by Defendant, OFFICER B. RUCHALSKI, although an unprovoked beating was taking place in his presence and the opportunity to intervene was realistic and reasonable, violated Plaintiff's N.J. Const. Article I Paragraph I (for a pretrial detainee) right to be protected by an officer who was present when an unprovoked beating occurred administered by co-employee officers.

COUNT VII

NJCRA CLAIM FOR VIOLATION OF NJ CONST. ART. I PAR. I RIGHT TO BE PROTECTED FROM SUPERVISOR ACQUIESCENCE UPON THE USE OF EXCESSIVE FORCE BY THOSE UNDER HIS SUPERVISION AGAINST INDIVIDUAL DEFENDANT, SUPERVISOR F. GIAMMARINO, ACTING IN HIS INDIVIDUAL CAPACITY

96. The acquiescence of Defendant, SUPERVISOR F. GIAMMARINO, notwithstanding knowledge acquired of an unprovoked beating administered by officers under his supervision, violated Plaintiff's N.J. Const. Article I Paragraph I (for a pretrial detainee) right to be protected from supervisor acquiescence upon acquiring knowledge of a constitutional violation by officers under his supervision.

COUNT VIII

NJCRA CLAIM FOR VIOLATION OF RIGHT TO BE PROTECTED FROM THE ISSUANCE OF A FALSE SUPERVISOR'S REPORT AGAINST INDIVIDUAL DEFENDANT, SUPERVISOR F. GIAMMARINO, ACTING IN HIS INDIVIDUAL CAPACITY

97. N.J.S.A. 2C:21-4 provides for "Falsifying or tampering with records," Subsection (a), which states in pertinent part: Except as provided in subsection b. of this section, a person commits a crime …. if he …. utters any writing or record knowing that it contains a false statement or information, with purpose to deceive or injure anyone or to conceal any wrongdoing.

98. By submitting a false supervisor's report, knowing the facts and conclusions contained therein were false, for the purpose of concealing wrongdoing by persons under his supervision, Defendant, SUPERVISOR F. GIAMMARINO, violated Plaintiff's substantive right derived from N.J.S.A. 2C:21-4 and protected by NJCRA to be protected from the issuance of a knowingly false supervisor's report for the purpose of concealing wrongdoing by persons under his supervision.

COUNT IX

NJCRA CLAIM FOR VIOLATION OF RIGHT TO BE PROTECTED FROM THE ISSUANCE OF A FALSE INVESTIGATIVE REPORT AGAINST INDIVIDUAL DEFENDANT, INVESTIGATOR JAMES ROBERTSON, ACTING IN HIS INDIVIDUAL CAPACITY

99. By submitting a false investigator's report, knowing the facts and conclusions contained therein were false, for the purpose of concealing wrongdoing, Defendant, INVESTIGATOR JAMES ROBERTSON, violated Plaintiff's substantive right derived from N.J.S.A. 2C:21-4 and protected by NJCRA to be protected from the issuance of a knowingly false investigative report for the purpose of concealing wrongdoing.

COUNT X

NJCRA *MONELL* CLAIM FOR CUSTOM OF INDIFFERENCE TO OFFICER-ON-INMATE USE OF EXCESSIVE FORCE, CO-EMPLOYEE BYSTANDER INDIFFERENCE TO OFFICER-ON-INMATE USE OF EXCESSIVE FORCE, AND SUPERVISOR ACQUIESCENCE TO OFFICER-ON-INMATE EXCESSIVE FORCE BY THOSE UNDER HIS SUPERVISION, AGAINST GOVERNMENTAL ENTITY DEFENDANT

100. By failing to act affirmatively at all, though the need to control its agents was so obvious, making the inadequacy of existing practice likely to result in a violation of Plaintiff's constitutional rights, Defendant, MONMOUTH COUNTY CORRECTIONAL INSTITUTION/MONMOUTH COUNTY, violated Plaintiff's N.J. Const. Article I Paragraph I (for a pretrial detainee) right to be protected from a custom of governmental entity indifference to the governmental entity's inadequacy of existing practice, likely to result in a violation of his constitutional rights.

RELIEF SOUGHT

WHEREFORE, Plaintiff, VAUGHN COLLINS, demands judgment against Defendants, MONMOUTH COUNTY CORRECTIONAL INSTITUTION, MONMOUTH COUNTY, OFFICER BOBBY JACOBS, OFFICER STEPHEN GIGLIO, OFFICER B. RUCHALSKI, SUPERVISOR F. GIAMMARINO and INVESTIGATOR JAMES ROBERTSON for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

JURY DEMAND

Plaintiff, VAUGHN COLLINS, demands a trial by jury of all issues which are triable by a jury.

                                              KOBER LAW FIRM, LLC
                                              1864 ROUTE 70 EAST
                                              CHERRY HILL, NJ 08003

                                              BY:  s/ Peter Kober
                                                            Peter Kober, Esq.

DATED: May 24, 2022