UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAUGHN COLLINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MONMOUTH COUNTY CORRECTIONAL INSTITUTION, MONMOUTH COUNTY, OFFICER B. JACOBS, OFFICER FNU RUCHALSKI, OFFICER S. GOGLIO, SUPERVISOR F. GIAMMARINO, and INVESTIGATOR JAMES ROBERTSON,<br><br>　　　　　Defendants. | Civil Action No. 3:21-02034 (GC)(DEA)<br><br>**MEMORANDUM ORDER** |

**ARPERT, U.S.M.J.**

　　THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File a Third Amended Complaint ("TAC"). ECF No. 37. In short, Plaintiff seeks to add details to "conform [P]laintiff's pleading to his deposition testimony on November 28, 2022." ECF No. 37-2 at 2. Defendants jointly oppose the motion on multiple grounds, discussed in detail below. ECF No. 41. For the reasons herein, Plaintiff's Motion for Leave to File a TAC is **GRANTED**.

**I.　Factual and Procedural Background**

　　On February 5, 2021, Plaintiff, proceeding *pro se*, filed his initial Complaint. ECF No. 1. On April 21, 2021, Plaintiff's Motion to Proceed in *forma pauperis* ("IFP") was granted. ECF No. 8. On August 10, 2021, counsel for Plaintiff entered an appearance on the record and filed an Amended Complaint. ECF Nos. 15, 16, & 17. On May 24, 2022, Plaintiff proceeding with counsel

1

filed a Second Amended Complaint ("SAC") with Defendants' consent. ECF Nos. 31 & 32. Fact discovery originally set to be completed by June 30, 2022, was extended by 90 days. ECF No. 33. Upon the conclusion of Plaintiff's deposition, scheduled for November 28, 2022, fact discovery was complete. ECF No. 35.

On December 12, 2022, Plaintiff filed the instant Motion, seeking leave to file a TAC. ECF No. 37. On February 17, 2023, Defendants opposed this Motion. ECF No. 41. The Motion having been fully briefed is now ripe for consideration.

## II. Legal Standard

Rule 15(a) provides in relevant part, where a party seeks to amend beyond the party's right as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2).

Rule 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted). "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Arthur*, 434 F.3d at 206 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The "Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police Dep't*, No. CV 2:07-5686-CCC-MF, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

While "amendments are to be liberally granted, the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865

F.2d 1422, 1431 (3d Cir. 1989). Courts may reject a Rule 15(a)(2) motion when the amendment sought: (1) causes undue delay; (2) arises from bad faith or dilatory motive on the part of the movant; (3) arises from repeated failure to cure deficiencies by amendments previously allowed; (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) is futile. *Foman*, 371 U.S. at 182; *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

### III. Discussion

Plaintiff's counsel filed this Motion in a good faith attempt "to conform [P]laintiff's pleading to his deposition testimony on November 28, 2022." ECF No. 37-2 at 2. Plaintiff's Motion notes that in drafting the Amended Complaint, Plaintiff's counsel relied upon the filings on the docket including the initial *Pro Se* Complaint. *Id.* However, "[a]fter the deposition of [Plaintiff] was completed, it became evident that the testimony of [Plaintiff] differed in some respects from the amended complaint." *Id.* Plaintiff's counsel submits the "differences in the amended complaint as drafted a year earlier, compared to the eventual testimony of the [P]laintiff on November 28, 2022, were due to [counsel's] failure to get the facts absolutely right from a review of the documentation." *Id.* Plaintiff's counsel also submits that because the Motion "does not seek to add claims or parties, [] it is submitted that it is in compliance with the terms of the December 22, 2021 Scheduling Order." *Id.*

Defendants oppose Plaintiff's Motion on several grounds. The Court will construe Defendants' arguments under Rule 15(a) even where they do not explicitly cite to the Rule 15(a) standard in support of their arguments. First Defendants argue Plaintiff's proposed TAC "is an attempt to change the Plaintiff's fact pattern." ECF No. 41-1 at 2. The Court construes this opposition as Defendants arguing that Plaintiff's proposed TAC is futile. Next Defendants argue

3

that Plaintiff "had numerous opportunities previously to amend, and to disclose, his new alleged fact pattern – when there was time to save, and to produce the evidence, to verify these claims." *Id.* The Court construes this opposition as Defendants arguing that if granted Plaintiff's Motion would cause undue delay and would prejudice Defendants where "[a] great deal of time, money and resources had been invested in investigating the current scenario." *Id.*

A. <u>Undue Delay and Prejudice</u>

In the Third Circuit, "[d]elay alone ... is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). "[W]hile bearing in mind the liberal pleading philosophy of the federal rules [] the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

"It is well-settled that prejudice to the nonmoving party is the touchstone for the denial of an amendment." *O'Neill v. City of Philadelphia*, 289 Fed.Appx. 509, 512 (3d Cir. 2008) (quoting *Cornell & Co.*, 573 F.2d at 823). "Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the nonmoving party from bringing a timely action in another forum." *In re: L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. Civ. A. 12–3571–WJM, 2015 WL 5770202, at *3 (D.N.J. Sept. 30, 2015). Where the proposed amendments do not allege new facts or claims, courts usually favor allowing the amendment. *See Cornell & Co*, 573 F.2d at 823–24 (finding "unmistakable prejudice" where the proposed amendment changed legal and factual basis of claim and ultimately prevented defendant from presenting defense).

While Plaintiff's counsel could have sought to amend the pleadings at an earlier stage, the deposition testimony triggering the present Motion was not given until November 28, 2022. The Motion was filed, in a timely manner, on December 12, 2022. Further, Defendants concede that the proposed amendments would just comport with their understanding of the facts obtained through discovery. ECF No. 41-1 at 2 (The proposed amendments "attempt to change the Plaintiff's fact pattern after his original fact pattern has been proven to be contradicted by the evidence presented in subsequent discovery"). As such, the Court finds the proposed amendments will not prejudice Defendants where the Motion seeks to conform the facts with details that are already known to Defendants.

B.  Futility

Amendments are futile if "the complaint, as amended, fails to state a claim upon which relief could be granted[,]" or in other words, when they would fail under a Rule 12(b)(6) analysis. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To survive a 12(b)(6) motion, plaintiffs must show that their claims "cross the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether an amendment is insufficient on its face, the Court employs the Rule 12(b)(6) motion to dismiss standard and "considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[C]ourts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). In the Third Circuit, a district court "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

Defendants' arguments, construed as futility arguments, focus on the factual nature of the changes. To the extent that Defendants take issue with the proposed amendments because of "an attempt to change the Plaintiff's fact pattern," this argument is not cognizable under the relevant standard of review, where the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences therefrom in the light most favorable to the Plaintiff. For purposes of determining whether any "new" claims would survive a motion to dismiss, the Court is only focused on the sufficiency of the pleading rather than with the evidence or the source of the factual allegations. Here, the facts as pled in the proposed TAC state claims upon which relief may be granted.

## IV. Conclusion

For the reasons herein, the Court **GRANTS** Plaintiff's motion for leave to file a Third Amended Complaint.

IT IS on this 15th day of June 2023;

ORDERED that Plaintiff is to file a Third Amended Complaint substantially identical to the proposed Third Amended Complaint filed at EFC No. 37-4 not later than 7 days from the date of this Order; and it is

FURTHER ORDERED this Order terminates ECF No. 37.

*s/ Douglas E. Arpert*

DOUGLAS E. ARPERT, U.S.M.J.